(Pleito No. 220.—Fallado el 1º de Noviembre de 1902.)

## FERNÁNDEZ contra FRONTERA.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

HIPOTECAS. De acuerdo con el artículo 1,875 del Código Civil, una vez verificada la inscripción de una hipoteca, los requisitos legales se han llenado y produce sus efectos legales.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á primero de Noviembre de mil novecientos dos, en el pleito seguido ante el Tribunal de Distrito de Mayagüez por Don José A. Fernández y Pérez, vecino de dicha Ciudad y comerciante, contra Sucesores de Frontera Hermanos, del comercio de Maricao y Don Ruperto Hernández y Pascual, agricultor y vecino del mismo pueblo, sobre tercería de mejor derecho; pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por la parte demandante, cuya representación y defensa ha llevado ante esta Corte Suprema el Letrado Don Antonio Alvarez Nava, habiendo representado y defendido á Sucesores de Frontera Hermanos, primeramente, el Abogado Don Luis Campillo y después Don Ignacio Hidalgo, sin que haya comparecido la otra parte recurrida.—Resultando: Que en tres de Enero de mil ochocientos noventa y ocho Don Ruperto Hernández suscribió á favor de la sociedad Frontera Hermanos un pagaré por la suma de trescientos sesenta y siete pesos, setenta y tres centavos, de la moneda entonces corriente, que había de pagarles en primero de Diciembre del mismo año

con el interés del uno por ciento mensual desde el venci-
miento de la obligación y habiendo demandado Sucesores
de Frontera Hermanos el cumplimiento de ella ante el
Juzgado Municipal de Maricao, en diez y nueve de Diciem-
bre de mil novecientos, con pretensión además de que
se decretara embargo preventivo en bienes del deudor, se
decretó y practicó en la misma fecha el embargo solicitado
en una finca rústica de Hernández, radicada en el término
municipal de Maricao, compuesta de doce cuerdas más
ó menos de extensión, equivalentes á cuatro hectáreas, setenta
y una áreas y sesenta y cuatro centiáreas, con casa de habi-
tación y establecimientos para preparar café, consistentes en
dos glacis, dos tanques y una máquina de descascarar aquel
fruto; colindante dicha finca al norte con terrenos de Don
Adolfo Hau, al sur con el río de Maricao, al este con
terrenos de Don Adolfo Hau y Don Luis Zuzuarregui y
al oeste con terrenos de Don José Oriol Maristany; embargo
que fué anotado en el Registro de la Propiedad de San
Germán, en veinte y dos de Diciembre citado, á virtud
de mandamiento presentado en ese Registro el día anterior,
habiendo dictado sentencia el Tribunal Municipal de Maricao
en once de Enero del año siguiente, condenando al deman-
dado Hernández al pago de la cantidad que arrojaba el
pagaré, intereses convenidos y costas, y ratificando el embargo
preventivo practicado, cuya sentencia fué confirmada en
grado de apelación por el Tribunal de Distrito de Mayagüez,
en veinte y cinco de Abril del propio año.—Resultando :
Que por escritura pública otorgada en quince de Diciembre
de mil novecientos, ante el Notario de Mayagüez Don Mariano
Riera Palmer, Don Ruperto Hernández confesó adeudar á
Don José A. Fernández y Pérez la suma de mil quinientos
dollars, que se obligó á pagarle en dos plazos de setecientos
cincuenta dollars, de los cuales el primero vencería en quince
de Diciembre del siguiente año, y el segundo en igual día y
mes de mil novecientos dos, habiendo hipotecado en garantía
de dicha obligación la misma finca de que se deja hecho

mérito, documento inscrito en el Registro de la Propiedad de San Germán en tres de Enero de mil novecientos uno.— Resultando: Que Don José A. Fernández produjo demanda ante el Tribunal de Distrito de Mayagüez, en seis de Julio del propio año mil novecientos uno, contra Sucesores de Frontera Hermanos y Don Ruperto Hernández, con súplica de que se declarara por sentencia que tenía derecho á cobrar la hipoteca constituída á su favor por escritura pública de quince de Diciembre de mil novecientos, con preferencia al crédito de Frontera Hermanos, á cuyo fin alegó el mérito resultante de dicha escritura y que la hipoteca fué constituída sobre la finca de Don Ruperto Hernández antes del embargo de ésta, por más que su inscripción en el Registro de la Propiedad de San Germán fuera posterior á la anotación del embargo; invocando como fundamentos de derecho los artículos 42, en su caso 2º y 44 de la Ley Hipotecaria, los 1,530, 1,531, 1,535 y 1,537 de la Ley de Enjuiciamiento Civil y la Orden General número 118, serie de mil ochocientos noventa y nueve, en la parte relativa á condena de costas.—Resultando: Que Don Ruperto Hernández se allanó á la demanda y que Sucesores de Frontera Hermanos, al contestarla, solicitaron se declarara sin lugar con las costas á cargo de la parte actora, á cuyo fin alegaron que el crédito á favor de la referida sociedad fué contraído en tres de Enero de mil ochocientos noventa y ocho, y cerca de dos años después, ó sea en quince de Diciembre de mil novecientos, el de Don José Antonio Fernández; que por sentencia del Juzgado Municipal de Maricao fué condenado Hernández en once de Enero de mil novecientos uno al pago del primer crédito, y la sentencia fué confirmada por el Tribunal de Distrito de Mayagüez en veinte y cinco de Abril del propio año; que para garantir el pago de ese mismo crédito fué embargada la finca hipotecada posteriormente á favor de Don José Antonio Fernández, embargo que se anotó en el Registro de la Propiedad de San Germán en veinte y dos de Diciembre de mil novecientos, mientras

que la hipoteca á favor del tercerista fué inscrita diez días después, ó sea en tres de Enero del año siguiente; invocando como fundamentos de derecho, los artículos 1,875, 1,923, número 4? y 1,924, número 3? del Código Civil, los 71 y 146 número 2? de la Ley Hipotecaria, el 63 de la Orden General número 118, de mil ochocientos noventa y nueve, y la sentencia del Tribunal Supremo de esta Isla, de veinte y uno de Junio de mil novecientos uno.—Resultando.: Que practicadas las pruebas propuestas por las partes, el Tribunal de Distrito de Mayagüez dictó sentencia en veinte y seis de Noviembre del año último por la que declaró sin lugar la demanda de tercería de mejor derecho establecida por Don José Antonio Fernández y Pérez, con las costas á cargo del mismo.—Resultando: Que contra esa sentencia ha interpuesto Don José Antonio Fernández y Pérez recurso de casación por infracción de ley, autorizado por el número 1? del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—1? Los artículos 1,920 y 1,927 del Código Civil, por aplicación indebida, puesto que en el momento de interponerse la tercería, el crédito para el cual se reclama preferencia era hipotecario y estaba inscrito en el Registro de la Propiedad; y según los citados artículos los créditos hipotecarios inscritos en el Registro gozan de preferencia en cuanto á los bienes hipotecados, con exclusión de todos los demás y hasta donde alcance el valor de aquéllos.—2? El artículo 105 de la Ley Hipotecaria, según el cual la Hipoteca sujeta directa é inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad fué constituída; por lo cual es claro que si la hipoteca constituída á favor de Don José Antonio Fernández, mucho antes de deducir su tercería, estaba inscrita en el Registro, no hay duda que sujeta los bienes sobre que se impuso al cumplimiento de la obligación, para cuya seguridad se constituyó, no obstante la anotación del embargo, la cual no cambia la naturaleza del crédito anotado,

ni le da ninguna preferencia en cuanto á los créditos ante-
riores, como es el hipotecario de que se trata.—3? Los ar-
tículos 1,216 del Código Civil y 595 de la Ley de Enjuicia-
miento Civil, por su no aplicación, puesto que según ellos
tienen el carácter de título y documentos eficaces las escri-
turas públicas, y la sentencia que no las estima como tales,
infringe los citados artículos.—4? Los artículos 44 de la Ley
Hipotecaria y 1,924, caso 3?, del Código Civil, pues según el
primero de dichos textos legales, el acreedor que obtenga á su
favor anotación preventiva, será preferido, en cuanto á los
bienes anotados solamente, á los que tengan contra el mismo
deudor otro crédito contraído con posterioridad á dicha ano-
tación, y siendo el crédito de Fernández de fecha quince de
Diciembre de mil novecientos y la anotación del embargo de
fecha veinte y dos del propio mes y año, es claro que aquel
crédito no fué contraído con posterioridad á dicha anotación,
y por consiguiente ninguna preferencia pueden alegar Fron-
tera Hermanos sobre los bienes anotados; y á mayor abun-
damiento, estableciendo el segundo texto legal que se invoca
como infringido, que los créditos que consten en escritura
pública son preferentes á los que consten en documento pri-
vado ó sentencia firme, máxime cuando la fecha de la escri-
tura es anterior á la de la sentencia, es obvio que si el crédito
de Don José Antonio Fernández consta, como consta en es-
critura pública y el de Sucesores de Frontera Hermanos, en
documento privado, ó si se quiere en sentencia firme pos-
terior á dicha escritura, es indudable la preferencia del cré-
dito del primero sobre el de los segundos y la sentencia que
así no lo reconoce infringe los artículos citados.—5? El ar-
tículo 1,923, caso 4? del Código Civil, que dispone que los
créditos preventivamente anotados en el Registro de la Pro-
piedad, tienen preferencia sobre los bienes anotados, pero
sólo en cuanto á los créditos posteriores, por lo cual, es claro
que los anteriores que consten en documento público son pre-
ferentes á los anotados que consten en documento privado;
y siendo el de Fernández anterior á la anotación del em-

bargo, y constando en documento público, no pudo la sentencia recurrida dejar de declarar preferente aquél sobre el de Frontera Hermanos, que consta en documento privado.— Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que según el precepto terminante del artículo 44 de la Ley Hipotecaria y la jurisprudencia establecida por el Tribunal Supremo de España, la anotación preventiva en el Registro de la Propiedad de un embargo acordado por providencia judicial, como dirigido únicamente á garantir las consecuencias del juicio, no altera la naturaleza de las obligaciones ni puede convertir en real é hipotecaria la acción personal que carece de este carácter, pues no produce otros efectos que los de que el acreedor que la obtenga sea preferido, en cuanto á los bienes anotados solamente, á los que tengan contra el mismo deudor otro crédito contraído con posterioridad á dicha anotación.—Considerando: Que limitada á los efectos que se dejan indicados la anotación del embargo practicado á instancia de Sucesores de Frontera Hermanos, sobre terrenos de Don Ruperto Hernández, no puede lastimar el derecho de hipoteca que en los mismos terrenos adquirió Don José Antonio Fernández, por virtud de la escritura de préstamo hipotecario otorgada á su favor por quien en el Registro aparecía como dueño de dichos terrenos, sin estar á la sazón anotado el embargo, por más que la inscripción de aquella escritura se hiciera con fecha posterior á la anotación, pues una vez verificada dicha inscripción se llenó el requisito que faltaba para que la hipoteca quedara válidamente constituída, en armonía con el artículo 1,875 del Código Civil y tuvo que producir todos sus efectos legales.—Considerando: Que según los artículos 1,923 en sus números 3º y 4º y 1,927, número 2º, ambos del Código Civil, el crédito de Don José Antonio Fernández, goza de preferencia por su carácter hipotecario sobre el otro crédito de Sucesores de Frontera Hermanos, respecto de los terrenos hipotecados y embargados, pues el primero como hipotecario sujeta directa é inmediatamente á su pago los terrenos sobre

que se impuso la hipoteca, en cumplimiento con lo que previene el artículo 105 de la Ley Hipotecaria; y el segundo, como meramente personal, no sujeta á su pago los bienes embargados sino con relación á otros créditos contraídos con posterioridad á la anotación del embargo, según el artículo 44, ya citado, de la Ley Hipotecaria, condición que no concurre en el crédito de Fernández, contraído con anterioridad á la anotación preventiva del embargo.—Considerando: Que por el mérito de todas las razones expuestas, al declarar sin lugar el Tribunal de Mayagüez, la demanda de tercería de mejor derecho establecida por Don José Antonio Fernández, ha infringido los artículos 1,923, caso 4º, y 1,927 del Código Civil, que se invocan en el 5º y 1er motivo del recurso, y los 105 y 44 de la Ley Hipotecaria que se citan en el 2º y 4º motivo, sin que sean atinentes al caso los artículos 1,216 del Código Civil y 595 de la Ley de Enjuiciamiento Civil, que se suponen también infringidos en el 3er motivo, pues el Tribunal sentenciador no niega el carácter de documento público á la escritura hipotecaria que sirve de fundamento á la tercería. Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don José Antonio Fernández, contra la sentencia del Tribunal de Distrito de Mayagüez, la cual casamos y anulamos, sin especial condenación de las costas de dicho recurso; lo que con la sentencia que á continuación se dicte, se comunicará al expresado Tribunal, á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.— José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á primero de Noviembre de mil novecientos dos.— Antonio F. Castro, *Secretario*.